IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| FORTIFIED, LLC, and JOHN DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Scott Dolemba brings this action to secure redress from unlawful practices engaged in by defendant Fortified, LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2.

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' communications were received by plaintiff in this District;

   b. Defendants transact business within this District.

### PARTIES

5. Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

6. Defendant Fortified, LLC, is a Florida limited liability company with its office located at 450 Fairway Drive, Suite 210, Deerfield Beach, Florida. Its registered agent is Kerry

1

M. Tibor, Esq., located at the same address.

7. Defendant John Does 1-10 are other natural or artificial persons that were involved in the calls and text messages described below. Plaintiff does not know who they are.

## FACTS

8. On November 9, 2017, plaintiff received a telephone call on his cell phone from 561-268-0713. (Exhibit A) Plaintiff did not answer the call.

9. On November 13, 2017, plaintiff received two telephone calls on his cell phone from 561-268-0713. (Exhibit A)

10. Plaintiff answered one of the calls from 561-268-0713. After a noticeable pause, plaintiff was connected with Todd Levine from Fortified Funding.

11. On November 13, 2017, plaintiff received two telephone calls on his cell phone from 954-251-0664. (Exhibit B) Plaintiff did not answer any of the calls from this number.

12. On November 13, 2017, plaintiff received a telephone call on his cell phone from 561-239-6384. (Exhibit C) Plaintiff did not answer the call from this number.

13. On November 13, 2017, plaintiff received the following text message on his cell phone from 954-251-0664, at 10:47 a.m. (Exhibit D)

> Scott, My name is Kim Peters and I'm Director of Lending at Fortified Funding. You spoke with Todd in our office this morning and expressed an interest in business funding. I've tried to send you an application at your email address but it was rejected twice: your message to dolemtsai@aol.com couldn't be delivered. Below, please find an online link to our DocuSign Business Application: http://fortifiedfunding.com/agent/brian-peters/
>
> Copy the link into your browser and it takes less than 5 minutes to fill our. Best, Kim Peters/ Director of Funding/ Fortified Funding / (954) 531-0954 x1004

14. On November 13, 2017, plaintiff received a text message on his cell phone from 954-251-0664, at 12:58 p.m. (Exhibit E)

> Scott, is business funding for Corinth important for you? You indicated you needed funds for a lift and additional funds to grow your business. If NOT, I'd be happy to remove you from my "to do" list of business owners who are seeking funding. I'd prefer to be respectful of your time and not call, email, or text if you're not interested. If you are, great! I'd be happy to provide you with a proposal. I'm really easy - we're not brokers. I'm direct to the money. Just reply yes or no. Kim

15. On November 15, 2017, plaintiff received a telephone call on his cell phone from 954-251-0664. Plaintiff did not answer the call. (Exhibit F)

16. On November 16, 2017, plaintiff received a telephone call on his cell phone from 954-251-0664. Plaintiff answered a call and immediately hung up. (Exhibit F)

17. On November 16, 2017, plaintiff received a text message on his cell phone from 954-251-0664 at 12:58 p.m. (Exhibit G)

> Scott, is business funding for Corinth important for you? You indicated you needed funds for a lift and additional funds to grow your business. If NOT, I'd be happy to remove you from my "to do" list of business owners who are seeking funding. I'd prefer to be respectful of your time and not call, email, or text if you're not interested. If you are, great! I'd be happy to provide you with a proposal. I'm really easy - we're not brokers. I'm direct to the money. Just reply yes or no. Kim

18. On November 17, 2017, plaintiff received a text message on his cell phone from 954-251-0664, at 12:19 p.m. (Exhibit H)

> Scott, you spoke to a representative in our offices a couple of days ago. This is Kim Peters at Fortified Funding. According to what I see, you had indicated that you could use $20,000 to purchase lifts to grow your business. I've tried to sent you out an applications but the email address we have (dolemtsa@aol.com) is incorrect as it bounces back as "bad email address". Can you respond back with the correct address so that I can send you an application? Conversely Scott, if you're NOT interested, I don't want to waste your time. I've tried several times to contact you by phone but every time I get voicemail. Are you still serious about funding for _____? Below is a link you can open on your smartphone and complete in less than 4 minutes. Fill it out and hit "send"; you'll get a reply with the info you provided to review and type your name as the signature. If you have 4 minutes, I can arrange a time with you where I can ask you the 14+/= lines of info and I can fill it out and you'll simply receive the reply for your review and signature. If you're NOT INTERESTED just reply to this text and I'll remove you from further calls and messages.

19. On November 17, 2017, plaintiff received a telephone call on his cell phone from 954-251-0664. Plaintiff did not answer the call. (Exhibit F)

20. Plaintiff returned the call to 954-251-0664 on November 18, 2017, but immediately disconnected the call. (Exhibit F)

21. On November 20, 2017, plaintiff received a telephone call on his cell phone from 954-251-0664. Plaintiff answered the call and immediately hung up. (Exhibit F)

22. On November 20, 2017, plaintiff received a voicemail message on his cell phone.

3

> Kim Peters, Director of Lending here at Fortified Funding, you spoke with Todd, in our offices this morning, we're trying to relative to _____ property management looking for potentially ____ capital of $20,000 _____ new venture. I wanted to just reach out to you to get a little bit more information from you but I'm also going to send you out an application. Our applications are very simple, it's just one page. I'm going to send it in two formats a pdf and a link, you can send it back to me either way, all I need is four months of your most recent bank statements July through October and I can get you a proposal for funding for your business for you to look at. My phone number 954-531-0194 extension 1004, again Kim Peters. You will see that in my email as well and I will try to reach you on your work phone.

23. On November 20, 2017, plaintiff received a text message on his cell phone from 954-251-0664, at 8:31 a.m. (<u>Exhibit I</u>)

> Scott, you spoke with Todd at our office 2 weeks ago and you had indicated that you would be interested in $20,000 in business capital for Corinth property management to buy lifts and equipment. I've tried several times to reach you and I haven't received a response by email, phone, or fax. If you're not interested please respond "NO" and I'll delete the info from our system. If you are interested, please let me know of a good time to reach you. Kim Peters (954) 531-0954 x1004

24. Defendant placed the phone calls and text messages to plaintiff's cell phone.

25. Plaintiff may have received other calls from Defendant as well. Discovery may reveal additional automated telemarketing calls as well.

26. On information and belief, the calls were placed using a predictive dialer. Predictive dialers place calls without human intervention until a connection is made. The machine "predicts" when a human is likely to be available to take the call if answered.

27. When plaintiff answered the calls, there was a pause. This is a common feature of a predictive dialer – sometimes a call is placed by the device when no one is available to take the call if it is answered.

28. Plaintiff did not authorize the automated placement of calls and text message calls to his cell phone.

29. Defendant Fortified, LLC is responsible for making or causing the making of the unsolicited phone calls and the sending of the text messages.

30. Plaintiff has no prior relationship with defendant and had not authorized the phone calls and text message calls to his cell phone.

31. Defendant Fortified, LLC as the entity whose products or services were advertised, derived economic benefit from the phone calls and text message calls.

32. On information and belief, the unsolicited, automated phone calls were made as part of a mass broadcasting of automated, unsolicited phone calls.

33. On information and belief, defendant has made unsolicited, automated phone calls and sent text message calls to cellular telephones of at least 40 other persons in Illinois.

34. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited, automated calls and text messages to avoid receiving them.

25. Defendant Fortified, LLC either negligently or willfully violated the rights of plaintiff and other recipients in making or arranging for the calls and text message calls.

36. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited, automated calls and text messages. The messages take time to retrieve, use memory and reduce battery life, and are annoying. Furthermore, plaintiff's statutory right of privacy was invaded.

37. Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

38. Plaintiff incorporates paragraphs 1-37.

39. The TCPA, 47 U.S.C. §227, provides:

> § 227. Restrictions on use of telephone equipment
>
> . . . (b) Restrictions on use of automated telephone equipment.
>
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
> > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
> >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which

>  the called party is charged for the call; . . .

40. The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
>> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>>
>> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>>
>> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

41. Defendants violated the TCPA by using equipment that placed automated calls to plaintiff and other members of the putative class' cell phones.

42. Plaintiff and each class member is entitled to statutory damages.

43. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and text message calls and their statutory right of privacy was invaded.

44. Defendant violated the TCPA even if their actions were only negligent.

45. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

46. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) received calls or text messages from defendant Fortified, LLC on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

47. The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief that there are more than 40 members of the class.

48. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place phone calls and text message calls to cellular telephones;

    b. The manner in which defendants obtained the cell phone numbers; and

    c. Whether defendants thereby violated the TCPA.

49. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

50. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

51. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Other cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin*

*Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

52. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (a)    Statutory damages;

    (b)    An injunction against the further violations;

    (c)    Costs of suit; and

    (d)    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

53. Plaintiff incorporates paragraphs 1-37.

54. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making unauthorized robocalls and text message calls to plaintiff's cell phone.

55. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

56. Plaintiff and the putative class members suffered damages in the form of monies paid to receive the unsolicited, automated robocalls and text message calls, reduced battery life and use of memory. Their statutory right of privacy was also invaded.

57. Defendants engaged in such conduct in the course of trade and commerce.

58. Defendant's shifting of costs to plaintiff and the class members in this manner makes such practice unfair.

59. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

60. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in the Illinois area codes (b) who, on or after a date 3 years prior to the filing of this action, (c) received calls or text messages from defendant Fortified, LLC on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

61. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

62. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place phone calls and text message calls to cellular telephones;

    b. The manner in which defendants compiled or obtained their list of telephone numbers; and

    c.  Whether defendants thereby violated the ICFA.

  63. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

  64. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

  65. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

  66. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (a) Statutory damages;

    (b) An injunction against further violations;

    (c) Costs of suit;

    (d) Such other or further relief as the Court deems just and proper.

          s/ Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com